ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Mar-10 11:40:21
60CV-26-3226
C06D14 : 10 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

GABRIEL STIRITZ                                              PLAINTIFFS
and JOSH SANFORD

vs.                          Case No. _____

MARTELL GROWTH SOLUTIONS INC.,                       DEFENDANTS
and DAN MARTELL

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiffs Gabriel Stiritz and Josh Sanford ("Plaintiffs") sue Martell Growth Solutions, Inc., and Dan Martell "Defendants" to obtain damages, restitution, and injunctive relief as defined below, from Defendants. For their Original Complaint and Jury Demand, Plaintiffs make the following allegations upon information and belief, except as to their own actions, investigations of their counsel, and the facts that are a matter of public record.

### I.    NATURE OF THE ACTION

1.    This action arises from Defendant Martell Growth Solutions Inc.'s fraudulent inducement of Plaintiffs Gabriel Stiritz and Josh Sanford to purchase a subscription to its "Elite Business Coaching" program, followed by Defendant's systematic failure to provide the promised services and refusal to honor timely cancellation demands—all while continuing to charge Plaintiffs' payment methods without authorization.

2.    Defendant's principal Dan Martell personally solicited Plaintiffs through a series of text messages in which he made specific, affirmative representations regarding the quality, value and deliverables of the coaching program, including: that Plaintiffs would receive personal onboarding from Dan Martell himself; that "wins come quickly on the inside"; that enrollment would be "easily one of the best investments" Plaintiffs would ever make; and that onboarding would occur on January 7, 2026. Each of these representations was false. None were performed.

3. After enrolling and paying, Plaintiffs were unable to access the program. Plaintiffs could not join calls, received no onboarding, and were told their registration was "pending approval" well after the promised onboarding date. When Plaintiffs complained and demanded refunds and cancellation, Defendant refused—and continued billing.

4. While Plaintiffs were locked out and had already demanded cancellation and refunds, Defendant sent additional solicitations pressuring Plaintiffs to upgrade to a $9,000 annual plan.

5. Plaintiffs bring this action for fraudulent inducement, violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 et seq., unjust enrichment, and money had and received. Plaintiffs seek actual damages, punitive damages, restitution of all amounts paid, attorney's fees, and all other relief available under Arkansas law.

## II. PARTIES

6. Plaintiff Gabriel Stiritz is an individual residing in Little Rock, Arkansas, and is a citizen of the State of Arkansas. Mr. Stiritz is the co-founder and CEO of Lexamica, a legal software and referral platform based in Arkansas.

7. Plaintiff Josh Sanford is an individual residing in Little Rock, Arkansas, and is a citizen of the State of Arkansas. Mr. Sanford is a founding partner of multiple law firms, including EKSM Law, Sanford Law Firm and Eagle Team.

8. Defendant Martell Growth Solutions Inc. ("Martell Growth Solutions" or "Defendant"), is a corporation organized under the laws of British Columbia, Canada, with its principal place of business in Kelowna, British Columbia. At all relevant times, Defendant conducted and continues to conduct substantial business in the State of Arkansas and throughout the United States under the trade name "Dan Martell," soliciting Arkansas residents through text

messaging campaigns and internet marketing, and collecting payment through Stripe payment processing infrastructure.

## III.   JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the claims asserted herein pursuant to Ark. Code Ann. § 16-13-201.

10.     This Court has personal jurisdiction over Defendant pursuant to Arkansas's long-arm statute, Ark. Code Ann. § 16-4-101. Defendant purposefully directed its commercial activities at Arkansas residents, including by personally soliciting Plaintiffs—both Arkansas residents—through direct text message communications, accepting payment from Arkansas residents, and causing tortious injury in this State.

11.     Venue is proper in Pulaski County pursuant to Ark. Code Ann. § 16-60-101 because a substantial part of the events giving rise to the claims occurred in this County.

## IV.   FACTUAL ALLEGATIONS

### A. Defendant's Solicitation of Plaintiffs

12.     On or about December 8, 2025, Plaintiff Sanford received a text message from a number associated with Defendant and Dan Martell, stating: "Yo! Dan Martell here. Pumped you're in my text community." The message offered a free "EA playbook" and invited Sanford to engage.

13.     Over the following days, Dan Martell engaged Plaintiff Sanford in a series of text message exchanges in which he asked about Sanford's businesses, revenues, team size, and goals—ostensibly to assess whether he could help Sanford grow.

14.    During these exchanges, Plaintiff Sanford disclosed that he operated multiple law firms and a software company, had assembled a litigation docket valued in excess of one billion dollars, and was seeking capital and coaching to scale his operations.

15.    On December 16, 2025, Dan Martell represented to Plaintiff Sanford: "Wins come quickly on the inside," in direct response to Sanford's consideration of the coaching program. This was an affirmative, specific representation of results.

16.    On December 17, 2025, after Plaintiff Sanford communicated that both he and Gabriel Stiritz intended to enroll in the two-month introductory plan, Dan Martell represented: "Excited to work together," and further promised: "Let me know once you're in and I'll kickoff onboarding" and "Will be a gamechanger." These were personal, specific promises of onboarding and value.

17.    On December 22, 2025, Defendant confirmed via text to Plaintiff Sanford that Plaintiff Stiritz's enrollment was received and stated: "Easily one of the best investments you'll ever make." Defendant also promised: "I'll set onboarding January 7th and you'll have access on the house until then." This was a specific, date-certain promise of personal onboarding.

18.    On December 23, 2025, after Plaintiff Stiritz had enrolled, Dan Martell confirmed: "John Gabriel Stiritz is your guy right? Saw you're in, congrats." Defendant then directed Plaintiffs to access specific program modules, promising to "dig in next call."

19.    At all times during Defendant's solicitation of Plaintiff Sanford, Plaintiff Sanford was acting on his own behalf and on behalf of Gabriel Stiritz, having expressly communicated to Defendant that he was seeking to enroll both himself and Stiritz simultaneously, that he was in the process of convincing Stiritz to join, and that both would enroll together. Defendant was therefore

aware that each representation made to Sanford was material to and intended to induce the enrollment of both Plaintiffs.

**B. The Program Was Not Delivered**

20.    Following enrollment and payment, Plaintiff Sanford was not admitted to the program. He received no clickable access link, could not join any calls, and was not onboarded. On December 31, 2025, Defendant acknowledged Sanford had not been able to join a call and told him to email support.

21.    On January 6, 2026, Plaintiff Sanford communicated: "The CX has been really bad for me so far. Might be my fault, but no one appears to be trying to help me." Defendant acknowledged the problem.

22.    On January 7, 2026—the date Defendant had specifically promised onboarding would occur—Plaintiff Sanford sent a screenshot showing his registration was still listed as "pending approval." No onboarding occurred.

23.    Similarly, Plaintiff Stiritz received access to program content, no onboarding, and no coaching services of any kind during the subscription period.  His access to program content was a Zoom a call during which Dan Martell pitched an energy supplement beverage and provided no substantive value.

**C. Demand for Refund and Continued Unauthorized Billing**

24.    Plaintiffs demanded cancellation and refund of all amounts paid. Defendant refused.

25.    Despite Plaintiffs' cancellation demands, Defendant continued to charge Plaintiff Stiritz's payment method. On February 23, 2026, Defendant charged Plaintiff Stiritz an additional $3,000.00, purportedly for "Elite Business Coaching – 2 Months" covering February 23 through

April 23, 2026—a period for which Plaintiff Stiritz had already demanded cancellation and received no services.

26.    On January 22, 2026, while Plaintiffs were locked out of the program and had already demanded refunds, Defendant sent Plaintiff Sanford a text message stating: "Hey Josh, Today is the last day to upgrade to $9k/yr. That's a $9k yearly save! Don't miss out." This solicitation was made after Plaintiff Sanford had communicated a garbage experience and requested a refund.

27.    In total, Plaintiffs paid no less than $6,000.00 to Defendant and received no coaching services, no access to program content, and no onboarding.

## V.    CAUSES OF ACTION

### COUNT I
### FRAUDULENT INDUCEMENT
(Both Plaintiffs Against Defendant)

28.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

29.    In connection with Plaintiffs' enrollment in the "Elite Business Coaching" program, Defendant, through its principal Dan Martell, made the following false representations of material fact to both Plaintiffs by making them via text to Josh Sanford, who was shopping for coaching on behalf of himself and Gabriel Stiritz:

(a)    That "wins come quickly on the inside" — a representation of the quality and efficacy of the program;

(b)    That Dan Martell personally would "kickoff onboarding" upon enrollment;

(c)    That enrollment would be "easily one of the best investments" Plaintiffs would ever make;

(d)    That onboarding would occur on January 7, 2026; and

(e)     That the program would be a "gamechanger" for Plaintiffs' businesses.

30.     Each of the foregoing representations was false. Defendant failed to provide any onboarding, failed to provide program access, and failed to provide any coaching services of any kind.

31.     Defendant knew these representations were false when made, or made them with reckless disregard for their truth or falsity. Defendant's pattern of making specific, personal promises to induce enrollment while systematically failing to deliver any services demonstrates that these representations were made without intent to perform.

32.     Defendant made these representations with the intent to induce Plaintiffs to enroll in and pay for the coaching program.

33.     Plaintiffs justifiably relied on Defendant's representations in deciding to enroll and pay. The representations were made personally by Dan Martell via direct text message, and were specific and unambiguous.

34.     As a direct and proximate result of Defendant's fraudulent inducement, Plaintiffs suffered damages in an amount to be proven at trial, including but not limited to the amounts paid to Defendant.

35.     Defendant's conduct was willful, wanton, and malicious, entitling Plaintiffs to punitive damages pursuant to Ark. Code Ann. § 16-55-206.

## COUNT II
### VIOLATION OF THE ARK. DECEPTIVE TRADE PRACTICES ACT
Ark. Code Ann. § 4-88-101 et seq. -- (Both Plaintiffs Against Defendant)

36.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

37.     The ADTPA prohibits unfair or deceptive acts or practices in business, commerce, or trade. Ark. Code Ann. § 4-88-107.

38. Defendant engaged in unfair and deceptive acts and practices in violation of the ADTPA, including:

(a) Making false representations about the characteristics, quality, and benefits of the coaching program, in violation of Ark. Code Ann. § 4-88-107(a)(1);

(b) Continuing to charge Plaintiffs' payment methods after Plaintiffs demanded cancellation and cessation of billing, without any contractual or legal authority to do so;

(c) Failing to honor cancellation demands, in violation of the FTC's Negative Option Rule, 16 C.F.R. Part 425 (effective January 2025), which prohibits merchants from continuing to charge consumers after cancellation is requested and constitutes an unfair act or practice under applicable law; and

(d) Soliciting an upgrade purchase from Plaintiff Sanford after he had complained of a failed experience and demanded a refund, without disclosing that his cancellation demand had not been honored.

39. Plaintiffs suffered actual damages as a result of Defendant's violations of the ADTPA.

40. Pursuant to Ark. Code Ann. § 4-88-113(f), Plaintiffs are entitled to recover their actual damages and reasonable attorney's fees.

**COUNT III**
**UNJUST ENRICHMENT**
(Both Plaintiffs Against Defendant)

41. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

42. Plaintiffs conferred a benefit upon Defendant by paying subscription fees for coaching services that Defendant failed to provide.

43. Defendant had knowledge of and appreciated the benefit conferred.

44.     Defendant's retention of amounts paid by Plaintiffs, without providing the promised services and after cancellation was demanded, is inequitable and unjust.

45.     Plaintiffs are entitled to restitution of all amounts paid to Defendant.

### COUNT IV
### MONEY HAD AND RECEIVED
(Both Plaintiffs Against Defendant)

46.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

47.     Defendant received money from Plaintiffs that in equity and good conscience belongs to Plaintiffs.

48.     Defendant failed to provide any services in exchange for such money, and refused to return it after demand.

49.     Plaintiffs are entitled to recover all amounts paid to Defendant.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gabriel Stiritz and Josh Sanford respectfully request that this Court enter judgment against Defendant Martell Growth Solutions Inc. as follows:

A.     Actual damages in an amount to be proven at trial;

B.     Punitive damages pursuant to Ark. Code Ann. § 16-55-206;

C.     Restitution of all amounts paid by Plaintiffs to Defendant;

D.     Reasonable attorney's fees pursuant to Ark. Code Ann. § 4-88-113(f);

E.     Pre- and post-judgment interest as permitted by law;

F.     Injunctive relief prohibiting Defendant from further charging Plaintiffs' payment methods; and

G.     Such other and further relief as the Court deems just and proper.

## VII.  JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

DATED: March 10, 2026                          Respectfully submitted,

                                               */s/ Josh Sanford*
                                               Josh Sanford
                                               Ark. Bar No. 2001037
                                               josh@sanfordlawfirm.com
                                               **SANFORD LAW FIRM, PLLC**
                                               Kirkpatrick Plaza
                                               10800 Financial Centre Pkwy, Suite 510
                                               Little Rock, Arkansas 72211
                                               Phone: (888) 350-3931
                                               Facsimile: (888) 276-3455


                                               **COUNSEL FOR PLAINTIFFS**